IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02516-WJM-KLM

AURARIA STUDENT HOUSING AT THE REGENCY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

CAMPUS VILLAGE APARTMENTS, LLC, a Delaware limited liability company,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion to Stay** [Docket No. 29; Filed March 31, 2011] (the "Motion to Stay").  Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay a case while a dispositive motion is pending.  *See, e.g., Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (unreported decision) ("The Court has broad discretion to stay proceedings as incidental to its power to control its own docket."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*,

216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously toward trial and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying the case; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, staying further proceedings pending resolution of Defendant's Motion to Dismiss [Docket No. 23] would not prejudice Plaintiff. Plaintiff has joined in the Motion to Stay [#29]. The Court therefore finds that the first *String Cheese Incident* factor weighs in favor of staying this case.

With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an undue burden. However, the parties are correct that proceeding will be wasteful if District Judge Blackburn grants the Motion to Dismiss [#23]. Further, if discovery proceeds now, the Court will have to expend its time and limited resources to resolve any discovery disputes that may arise. If the Motion to Dismiss [#23] is resolved in favor of Defendants, the Court's expenditure would be for naught. Moreover, Plaintiff agrees "that the most efficient management of this matter is for the Court to stay the case." *Motion to Stay* [#29] at 2, ¶ 5. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying the case.

With regard to the third factor, it is certainly more convenient for the Court to stay further proceedings until it is clear that the case will not be dismissed. *See Chavous*, 201 F.R.D. at 5 (Staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

With regard to the fourth factor, the Court is not aware of any nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying the case.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying the case.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#23] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#29] is **GRANTED**.

IT IS FURTHER **ORDERED** that all further proceedings in this case are **STAYED** pending resolution of Defendant's Motion to Dismiss [#23]. If necessary, the Court will set a new scheduling conference upon resolution of the Motion to Dismiss.

DATED: April 5, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge