IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02516-WJM-KLM

AURARIA STUDENT HOUSING AT THE REGENCY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

CAMPUS VILLAGE APARTMENTS, LLC, a Delaware limited liability company,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Exclude and to Strike Plaintiff's Fifteen Undisclosed Trial Witnesses** [#152] ("Defendant's Motion") and on Plaintiff's **Conditional Motion to Strike and Exclude Two of Defendant Campus Village's Three "Undisclosed" Trial Witnesses** [#159] ("Plaintiff's Motion"). The Motions are referred to this Court for disposition [#153, #166]. Plaintiff filed a Response [#158] in opposition to Defendant's Motion [#152], and Defendant filed a Reply [#164]. Defendant filed a Response [#162] in opposition to Plaintiff's Motion [#159], and Plaintiff filed a Reply [#165]. The Court has reviewed the filings and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Court **GRANTS** Defendant's Motion [#152] and **DENIES** Plaintiff's Motion [#159].

### I. Summary

Defendant asks the Court "to exclude and strike the testimony of the [13]

undisclosed witnesses listed for the first time on March 25, 2014 by Plaintiff . . . in its draft of the proposed Final Pretrial Order."[1] *Def.'s Motion* [#152-1] at 1. In short, Defendant asserts that Plaintiff's disclosure of these witnesses was untimely and that the delayed disclosure is not substantially justified or harmless. *See id.* at 7. For its part, Plaintiff asks the Court to exclude two of Defendant's witnesses on virtually the same grounds as Defendant's request. *Pl.'s Motion* [#159] at 3.

## II. Analysis

Fed. R. Civ. P. 26(a)(1)(A) requires, with some exceptions inapplicable here, that "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." This disclosure must be made "at or within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C). Litigants' disclosure obligations do not cease after initial compliance with the Rule, however. "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e).

### A. Defendant's Motion

On April 4, 2013, Plaintiff made its initial disclosure of thirty-five witnesses. *Def.'s*

---

[1] Although Defendant originally sought to strike fifteen witnesses, it later withdrew its objection to two of the fifteen, Donald M. Elliman, Jr. and Jeffery D. Parker. *See Def.'s Reply* [#164] at 9.

*Motion* [#152-1] at 1.  On September 27, 2013, Plaintiff disclosed another five witnesses in its Second Supplemental Disclosures.  *Id.*  The discovery deadline passed on December 20, 2013.  *Minute Order* [#118].  On March 25, 2014, as part of the Proposed Pretrial Order [#151], Plaintiff included thirteen witnesses whom Defendant asserts were not previously disclosed: (1) Karen Ewertz, (2) Sara Ewertz, (3) Daniel Genet, Esq., (4) Leonard A. Martinez, Esq., (5) Rick Masterson, (6) Ryan Masterson, (7) Jessica Saraney, (8) Ciera Springer, (9) Erin Trinka, (10) Shelby Tucker, (11) Barbara Edwards, (12) Cassandra Hill, and (13) Daniel G. Hill, D.D.S.  *Motion* [#152-1] (citing [#151] at 15-18).

Plaintiff asserts that all of these witnesses had been "made known" to Defendant at various times through the exchange of written discovery.  *Response* [#158] at 1.  Plaintiff states that eight of the above-named witnesses were disclosed on April 22, 2013 on an electronically-searchable CD containing 855 pages of information, provided to Defendant pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii).  *Id.* at 2.  Plaintiff avers that "those documents included the names, contact data and patently-obvious subjects of likely discoverable information" for (1) Karen Ewertz, (2) Sara Ewertz, (3) Daniel Genet, (4) Cassandra Hill, (5) Daniel G. Hill, D.D.S., (6) Leonard A. Martinez, Esq., (7) Erin Trinka, and (8) Shelby Tucker.  *Id.* at 2-3.  Plaintiff asserts that another three witnesses were disclosed on August 26, 2013, through the exchange of written discovery which "included the names, contact data and patently-obvious subjects of likely discoverable information" for (1) Rick Masterson, (2) Ryan Masterson, and (3) Jessica Saraney.  *Id.* at 3.  On January 24, 2014, Plaintiff made Rule 26(e)(1)(A) supplemental disclosures that included documents containing information on Ciera Springer.  *Id.* at 4.  Plaintiff further asserts that Defendant provided Plaintiff with the name and contact information for Barbara Edwards through the

exchange of written discovery on April 22, 2013. *Id.*

Plaintiff argues that because the above-named witnesses were named in various discovery documents it provided to Defendant or in discovery documents Defendant provided to Plaintiff, Defendant had fair notice of these thirteen witnesses. This argument, however, is not compelling. Giving credence to this assertion would require the Court to attribute an uncanny level of prescience to Defendant. The Court agrees with Defendant that knowledge of the existence of a person is distinctly different from knowledge that the person will be relied on as a fact witness. *See Gallegos v. Swift & Co.*, No. 04-cv-01295-LTB-CBS, 2007 WL 214416, at *3 (D. Colo. Jan. 25, 2007) (rejecting plaintiff's argument that defendant was on notice of certain witnesses identified in an untimely disclosure because the names of the witnesses were obtained from defendant's own document production); *Jama v. City & Cnty. of Denver*, 280 F.R.D. 581, 584 (D. Colo. 2012). Plaintiff had the documents from which these persons were identified as early as April 22, 2013, and as late as January 7, 2013, yet Plaintiff did not disclose that they might be used as fact witnesses until submission of the Proposed Pretrial Order on March 25, 2014. The Court finds that the delay in disclosure of these thirteen witnesses violates Rule 26(e).

Pursuant to Fed. R. Civ. P. 37(c)(1), if a party fails to comply with its continuing disclosure obligations pursuant to Rule 26(e), the party should not be "allowed to use [the violative] information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999). The Tenth Circuit identified four factors for consideration in determining

whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Id.* The Court addresses each in turn.

### 1. *Prejudice to Defendant*

Plaintiff waited to designate the thirteen above-named witnesses until after Defendant's Motion for Summary Judgment [#137] had been filed and pending for nearly two months. Due to the timing of the disclosure of these witnesses, Defendant has not had the opportunity to investigate the evidence related to these witnesses. "A key policy goal of requiring parties to keep their disclosures current is 'to avoid trial by ambush.'" *Gallegos*, 2007 WL 214416, at *2 (citing *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003)). Here, Plaintiff's timing of the submission of the Final Pretrial Order during the pendency of a motion for summary judgment is akin to trial by ambush, only on paper. While Plaintiff is "not required to marshal all of [Defendant's] evidence, Rule 26(a)(1) [and, subsequently, 26(e)] disclosures must be sufficiently detailed to allow [Defendant] to make intelligent decisions regarding how [it] will efficiently use the limited number of depositions permitted under the Rule 16 scheduling order." *Sender v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004) (citation omitted). *See also D.L. v. Unified School Dist. No. 497*, 270 F. Supp. 2d 1217, 1241 (D. Kan. 2002), *vacated on other grounds by D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223 (10th Cir. 2004) ("Plaintiffs' failure to make the required disclosures . . . undermined defendants' ability to conduct discovery as related to the[ ] witnesses," and was thus prejudicial). Defendant simply did not get a chance to determine how to utilize its allotted discovery regarding the thirteen witnesses at-issue who are identified in the Final

Pretrial Order, due to the delay in Plaintiff's disclosure.

Moreover, "delay and mounting attorneys fees can equate to prejudice." *Sender*, 225 F.R.D. at 656 (citing *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)). Allowing Plaintiff to call the thirteen witnesses listed in the Final Pretrial Order would necessitate the re-opening of discovery, in order to permit Defendant to prepare a defense regarding these witnesses' testimony. As such, the Court finds that the first factor weighs in favor of excluding the disclosures, because Defendant is indeed prejudiced, in terms of time, money, and effort, by the delayed issuance of Plaintiff's disclosures.

### *2. & 3.  Ability to Cure the Prejudice and Potential Trial Disruption*

A trial in this matter is set for January 20, 2015, and the Final Pretrial Order has been entered. However, as in *Sender*, this Court believes that "[t]o suggest that sanctions are not appropriate simply because the trial court can provide a further extension of time or delay the trial would effectively reward [Plaintiff's] non-compliance." *Sender*, 225 F.R.D. at 657.

Furthermore, the Court cannot ignore the obvious disruption to the briefing on Defendant's motion for summary judgment. This aging matter has required significant judicial resources, and rewarding Plaintiff's delayed disclosures with the re-opening of discovery and prolonged adjudication of the Motion for Summary Judgment would be an insult to the spirit of Fed. R. Civ. P. 1, which requires construction of the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." The Court finds that although the prejudice suffered by Defendant might be curable, doing so under these circumstances is unreasonable and unwarranted. The Court additionally concludes that the disruption to the adjudication of the pending motion for summary

judgment and the potential disruption to the upcoming trial are sufficiently meaningful that these two factors weigh in favor of excluding the disclosures of these witnesses.

### 4. Plaintiff's Bad Faith

Plaintiff has the burden to justify the late disclosures. See *Gallegos*, 2007 WL 214416, at *3 (stating that the plaintiff, as non-movant, bore burden to justify untimely and otherwise deficient disclosures). Plaintiff states that it failed to disclose these witnesses either through inadvertence or because it incorrectly thought that disclosure via written discovery was sufficient. *Pl.'s Response* [#158] at 10-11. Assuming the veracity of Plaintiff's counsel's statements, provided here as officers of the Court, and providing for the absence of evidence to the contrary, the Court finds that Plaintiff did not act in bad faith. Thus, the final factor weighs against excluding these witnesses.

Weighing the *Woodworker's Supply, Inc.* factors, the Court concludes that Plaintiff's delayed disclosure in this case is not substantially justified or harmless. Thus, according to the provisions of Fed. R. Civ. P. 37(c)(1), the Court **GRANTS** Defendant's Motion [#152], and therefore strikes the following witnesses from the Final Pretrial Order [#151]: (1) Karen Ewertz, (2) Sara Ewertz, (3) Daniel Genet, Esq., (4) Leonard A. Martinez, Esq., (5) Rick Masterson, (6) Ryan Masterson, (7) Jessica Saraney, (8) Ciera Springer, (9) Erin Trinka, (10) Shelby Tucker, (11) Barbara Edwards, (12) Cassandra Hill, and (13) Daniel G. Hill, D.D.S.

### B. Plaintiff's Motion

Plaintiff seeks to strike two of Defendant's witnesses listed in the Final Pretrial Order for failure to list those two witnesses in Defendant's Rule 26(a)(1)(A)(i) or Rule 26(e)(1)(A)

disclosures. *Pl.'s Motion* [#159] at 1. The two witnesses at issue are Mark Heckler and Larry Loften. *Id.* at 2-3; *Final Pretrial Order* [#155] at 19. Defendant responds that these two witnesses were initially disclosed *by Plaintiff* on April 4, 2013 under Rule 26(a)(1)(A)(i), [#162-1] at 2, and were listed by Plaintiff on March 28, 2011, in the original Proposed Scheduling Order, [#24] at 10, as persons who would be deposed.[2] Thus, Defendant did not disclose the names of these fact witnesses until submission of the Proposed Pretrial Order on March 25, 2014, despite having known about them since as early as March 28, 2011. For substantially the same reasons cited above, the Court finds that the delay in disclosure of these two witnesses violates Rule 26(e). *See Gallegos*, 2007 WL 214416, at *3; *Jama*, 280 F.R.D. at 584.

Regarding Rule 37(c)(1) sanctions, the Court again turns to the four factors from *Woodworker's Supply, Inc.*, 170 F.3d at 993: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. Regarding the first factor, the Court finds that there is no prejudice or surprise to Plaintiff because Plaintiff itself initially disclosed the witnesses and because Plaintiff therefore must have had information about the relationship of these individuals to the events at hand. *See In re Sambrano*, 440 B.R. 702, 708 (W.D. Tex. 2010) (collecting cases). The Court cannot find prejudice in the fact that Plaintiff chose not to depose or otherwise garner discovery from its own potential witnesses. *See Reply* [#165] at 4. Indeed, this is the key difference between Defendant's request to exclude Plaintiff's thirteen witnesses and Plaintiff's request to exclude Defendant's two witnesses.

---

[2] Plaintiff correctly notes that, although filed on the docket, this first Proposed Scheduling Order was never entered as an order of the Court. *Pl.'s Reply* [#165] at 1-2.

As noted above, Plaintiff's undisclosed witnesses were names buried among written discovery exchanged between the parties. The issue regarding Defendant's witnesses is distinguishable because those two witnesses were actually disclosed by a party under Rule 26(a)(1)(A)(i). Plaintiff is not "ambushed" by the use of witnesses at trial who Plaintiff itself properly disclosed. See Gallegos, 2007 WL 214416, at *2. Further, because the Court finds there was no prejudice, there is accordingly no need to determine whether the prejudice could be cured or whether such cure could potentially disrupt the January 20, 2015 trial setting. Finally, there is no indication here that bad faith is involved, despite Plaintiff's subtle argument to the contrary. See Pl.'s Reply [#165] at 3. Thus, weighing the relevant factors, the Court finds that Defendant's violation of Rule 26(e) was harmless.

Accordingly, Plaintiff's Motion [#159] is **DENIED**.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Defendant's Motion [#152] is **GRANTED** and Plaintiff's Motion [#159] is **DENIED**. Accordingly, Plaintiff is prohibited from utilizing at trial the following witnesses listed in the Final Pretrial Order [#151]: (1) Karen Ewertz, (2) Sara Ewertz, (3) Daniel Genet, Esq., (4) Leonard A. Martinez, Esq., (5) Rick Masterson, (6) Ryan Masterson, (7) Jessica Saraney, (8) Ciera Springer, (9) Erin Trinka, (10) Shelby Tucker, (11) Barbara Edwards, (12) Cassandra Hill, and (13) Daniel G. Hill, D.D.S.

BY THE COURT:

Dated: June 30, 2014

Kristen L. Mix
United States Magistrate Judge