IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02516-WJM-KLM

AURARIA STUDENT HOUSING AT THE REGENCY, LLC,

    Plaintiff,

v.

CAMPUS VILLAGE APARTMENTS, LLC,

    Defendant.

_____

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
_____

This matter is before the Court on Defendant Campus Village Apartments, LLC's ("Defendant") Motion to Reconsider Order Denying Defendant's Motion for Summary Judgment (the "Motion"). (ECF No. 171.) For the following reasons, the Motion is denied.

## I. BACKGROUND

Plaintiff initiated this action against Defendant on October 14, 2010. (ECF No. 1.) On January 30, 2014, Defendant filed a Motion for Summary Judgment (ECF No. 137), which the Court denied in its entirety on September 8, 2014 (ECF No. 170).

On September 10, 2014, Defendant filed the instant Motion. (ECF No. 171.) Plaintiff submitted its Response in Opposition to the Motion on September 23, 2014 (ECF No. 175), and Defendant filed its Reply on September 26, 2014 (ECF No. 176).

## II. DISCUSSION

District Courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th

Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *See Laird v. Stilwill*, 982 F. Supp. 1345, 1353-54 (N.D. Iowa 1997).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *National Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id*.

Defendant argues that the Court erred by misallocating the burden of proof in Defendant's argument that its agreement with the University of Colorado-Denver ("UCD") was a lawful tying arrangement. (ECF No. 172 at 1.) Defendant also argues that because UCD did not receive revenue from the rents paid to the Campus Village Apartments, their alleged tying arrangement is lawful as a matter of law. (*Id.* at 4.) The arguments made by Defendant in the instant Motion mirror those set forth in its Motion for Summary Judgment. (*Compare* ECF Nos. 138 & 172.) In denying Defendant's Motion for Summary Judgment, the Court considered those arguments and found them

to be unpersuasive.  (*See* ECF No. 170 at 5-8.)

The Court has carefully analyzed Defendant's Motion, the Order granting the Motion for Summary Judgment, and the briefing on the underlying Motion for Summary Judgment.  Based on that analysis, the Court concludes that its Order was not erroneous.  Because Defendants have not shown that there was an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice, Defendant's Motion is DENIED.

Accordingly, the Court ORDERS that Defendant's Motion to Reconsider Order Denying Defendant's Motion for Summary Judgment (ECF No. 171) is DENIED.

Dated this 1st day of October, 2014.

BY THE COURT:

William J. Martinez
United States District Judge