**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02516-WJM-KLM

AURARIA STUDENT HOUSING AT THE REGENCY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

CAMPUS VILLAGE APARTMENTS, LLC, a Delaware limited liability company,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE INITIAL EXPERT REPORT AND GRANTING PLAINTIFF'S MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT**

---

    Plaintiff Auraria Student Housing at the Regency, LLC ("Plaintiff") brings this action against Campus Village Apartments, LLC ("Defendant") for conspiracy to monopolize under Section 2 of the Sherman Act, 15 U.S.C. § 2. This matter is before the Court on the following motions: (1) Plaintiff's "Motion to Strike (Initial) 'Expert Report of Stephen D. Silberman, Ph.D.,' and Preclude Introduction of Facts and Data Relied Upon By Him There and Exclude his Trial Testimony Relating to Uncharged Offense of Monopolization and Inapplicable Elements of Monopoly Power and Relevant Market" ("First Motion") (ECF No. 178); and (2) Plaintiff's "Motion to Strike Untimely and Improper 'Supplemental' Expert Report of Stephen D. Silberman, Ph.D., and Preclude Use of That Information to Supply Evidence at Trial" ("Second Motion") (ECF No. 180). For the reasons set forth below, the First Motion is denied, and the Second Motion is granted.

## I. LEGAL STANDARD

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004). Admission of expert testimony is governed by Rule 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The proponent of the expert testimony bears the burden of proving the foundational requirements of Rule 702 by a preponderance of the evidence. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

## II. ANALYSIS

Plaintiff moves to strike both Dr. Silberman's initial expert report ("Initial Report") (ECF No. 179-2) and his supplemental expert report ("Supplemental Report") (ECF No. 181-4). The Court will discuss each motion in turn below.

### A. First Motion: Initial Report

Plaintiff's First Motion raises several arguments in two general categories: (1) the opinions in the Initial Report should be excluded as irrelevant, misleading, confusing, and unhelpful to the jury, because they address monopolization instead of conspiracy to monopolize; and (2) Dr. Silberman's opinions are inadmissible because they rely on

insufficient facts or data and are not the product of reliably applied economic principles and methods. (ECF No. 179.)

### 1. Relevance of Monopolization Opinions

Plaintiff argues that the opinions in Dr. Silberman's Initial Report should be excluded because they address monopolization, not Plaintiff's claim of conspiracy to monopolize. (ECF No. 179 at 1-3.) Plaintiff points out that Dr. Silberman's opinions about monopoly power in a relevant market are pertinent to a monopolization claim, but argues that these opinions have no relevance to a conspiracy claim. (*Id.*)

A claim of conspiracy to monopolize under Section 2 of the Sherman Act requires four elements: "(1) the existence of a combination or conspiracy to monopolize; (2) overt acts done in furtherance of the combination or conspiracy; (3) an effect upon an appreciable amount of interstate commerce; and (4) a specific intent to monopolize." *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1026 (10th Cir. 1992) (internal citation omitted). In contrast, a Section 2 monopolization claim requires "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power. . . ." *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 481 (1992) (internal citation omitted).

Defendant does not dispute that Dr. Silberman's Initial Report expresses opinions about monopoly power in a relevant market, but argues that such opinions are relevant to Plaintiff's conspiracy claim because they permit a jury to infer whether Defendant had a specific intent to monopolize, and thus whether the agreement Defendant entered into had the purpose of creating a monopoly. (ECF No. 182 at 5-8.)

The Court agrees with Defendant that this evidence is relevant to Plaintiff's

conspiracy to monopolize claim.  Dr. Silberman's Initial Report opines that the alleged conspiracy agreement failed to give either of the alleged co-conspirators any ability to create a monopoly, which permits a jury to infer that the agreement was not a conspiracy to monopolize, and that neither alleged co-conspirator intended to create a monopoly.  (*See* ECF No. 179-2 at 5.)  Indirect evidence is permissible, and often necessary, to prove such elements of a claim.  *See Shoppin' Bag of Pueblo, Inc. v. Dillon Cos., Inc.*, 783 F.2d 159, 163 (10th Cir. 1986) ("Often no direct evidence of specific intent exists and inferences from conduct are necessary.").  Accordingly, the Court rejects Plaintiff's argument that the monopolization opinions in the Initial Report are irrelevant.

Plaintiff further argues that this evidence should be excluded under Federal Rules of Evidence 403 and 703, because it would be confusing, would mislead the jury, and would waste time, given its limited probative value.  The Court finds that such risks do not substantially outweigh the significant probative value of Dr. Silberman's opinions as to specific intent to monopolize, and as to whether the agreement was one to create a monopoly.  Therefore, the Court finds that Rules 403 and 703 do not require the Court to exclude this evidence merely because it is focused on monopolization.

   2.  Facts, Data, and Reliable Principles and Methods

Plaintiff next contends that Dr. Silberman's Initial Report should be excluded under Federal Rule of Evidence 702 because it contains opinions that rely on insufficient facts or data, and that they do not result from reliable application of economic principles and methods.  (ECF No. 179 at 5-8.)

Plaintiff first cites Dr. Silberman's opinion that students' choice of which school to

attend is affected by the available housing options, including their price. (*Id.* (citing ECF No. 179-2 at 6)).) Plaintiff disapproves of the evidence Dr. Silberman cites to support this proposition, arguing that he relies on another witness's testimony that many students who tour the Regency have not yet decided where to enroll, and infers from news articles on the overall cost of education that students consider the cost of housing as part of their enrollment decision. (*Id.*) The Court finds that Dr. Silberman has cited evidence to support his statements, and that Plaintiff's argument goes to the weight the jury should attribute to his opinions rather than to their admissibility under Rule 702. Dr. Silberman's opinion is, therefore, not inadmissible on that basis, and Plaintiff's arguments can be addressed by vigorous cross-examination at trial. *See Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 596 (1993).

Plaintiff next argues that Dr. Silberman's opinions regarding students' school choices are not supported by economic principles because he disregards various economic factors affecting such choices, such as students' regional preferences, the necessary limits on housing options that result from enrollment in a particular school, and the effect of the challenged agreement on housing choices. (ECF No. 179 at 6-8.) Again, Plaintiff's arguments go to the weight of the evidence rather than its admissibility. Plaintiff does not challenge Dr. Silberman's qualifications as an economic expert, and merely argues that Dr. Silberman has not considered all the economic factors that Plaintiff believes are pertinent. This is not a basis for excluding Dr. Silberman's testimony. Accordingly, the Court rejects Plaintiff's argument that Dr. Silberman's opinions are not supported by reliably applied economic principles.

At the end of Plaintiff's First Motion, Plaintiff recites various elements of Dr.

Silberman's opinions and argues that each opinion is poorly supported and fails to withstand scrutiny. (ECF No. 179 at 8-14.) The Court rejects these arguments as well. Each one of the cited opinions has some basis in facts or data and is rooted in Dr. Silberman's economic expertise, and Plaintiff's arguments are more appropriately directed toward challenging the weight of those opinions on cross-examination.

In sum, the Court finds that Plaintiff has failed to show that Dr. Silberman's Initial Report or the opinions therein must be excluded. Accordingly, Plaintiff's First Motion is denied.

**B.      Second Motion: Supplemental Report**

Plaintiff's Second Motion argues that Dr. Silberman's Supplemental Report should be stricken or the opinions therein excluded because the Supplemental Report is not a proper supplement, and because it was untimely disclosed. (ECF No. 181 at 6-14.) As the Court finds the timeliness argument dispositive, its analysis will begin there.

Pursuant to Federal Rule of Civil Procedure 26(e)(2), any supplement to an expert report "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Plaintiff contends that the deadline for such supplementation was April 1, 2014, the date of the Final Pretrial Order, because this district's local rules provide that "[d]isclosures under Fed. R. Civ. P. 26(a)(3) shall be made in the proposed final pretrial order". (ECF No. 181 at 8 (citing D.C.Colo.LCivR 26.1(b)).) In contrast, Defendant argues that the deadline for expert supplementation was December 30, 2014, because Rule 26(a)(3) requires disclosure of witness identification information, deposition designations, and exhibit identification, and pursuant to this Court's Practice Standards, witness and exhibit lists were due on December 29, 2014, and deposition

6

designations were due on December 30, 2014. (ECF No. 184 at 2-3.)

The Court agrees with Plaintiff's interpretation of the supplementation deadline and finds that supplements to expert reports were required to be disclosed in the parties' proposed final pretrial orders. While Defendant's interpretation is not illogical, it ignores the mandate of this district's local rules explicitly specifying a deadline for <u>all</u> disclosures under Rule 26(a)(3), which in turn establishes the same deadline to supplement expert reports under Rule 26(e)(2). Given these rules, this Court's extension, via its Revised Practice Standards, of certain specified deadlines—those for final witness lists, exhibit lists, and deposition designations—does not implicitly or automatically grant any such extension for supplemental expert reports. Accordingly, the Court finds that the disclosure of the Supplemental Report, made on October 2, 2014, was untimely under Rule 26(e)(2).

Rule 37(c)(1) provides that a failure to comply with Rule 26(e) precludes the use of the expert information at issue "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The determination of whether an untimely disclosure "is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The Court must consider four factors in making such a determination: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Id.* "'The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures.'" *See Contour PAK, Inc. v. Expedice, Inc.*, 2009 WL 2490138, at *1 (D.

Colo. Aug. 14, 2009) (quoting *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan.1995)).

Plaintiff argues that three of the four *Woodworker's Supply* factors weigh against a finding of justification or harmlessness, because the Supplemental Report's tardiness results in prejudice and surprise that cannot be cured without significant disruption to the impending trial. (ECF No. 181 at 10-13.) Specifically, Plaintiff contends that it is prejudiced and surprised by the Supplemental Report's disclosure of new evidence on the subjects of tying and tied product markets, and that such prejudice can only be cured by reopening discovery to permit Plaintiff to rebut such testimony, requiring a continuance of the trial date. (*Id.*)

In response, Defendant argues that no prejudice or surprise exists because Plaintiff was apprised long ago of Defendant's tying arrangement defense. (ECF No. 184 at 10-11.) However, in reliance on its interpretation of the disclosure deadline for supplemental expert reports, Defendant raises no other arguments as to harmlessness or any of the *Woodworker's Supply* factors. (*Id.*) Furthermore, Plaintiff's prior awareness of Defendant's legal theories does not eliminate any prejudice or surprise caused by late-disclosed expert opinion evidence in support of such theories. The Court agrees with Plaintiff that the only cure for such prejudice would require reopening discovery and continuing the trial date. Thus, the first three *Woodworker's Supply* factors weigh in favor of excluding the Supplemental Report.

Notably, Defendant admits that the Supplemental Report was prompted by the Court's ruling on summary judgment, which clarified that Defendant would bear the burden of proof on the elements of its tying defense. (*Id.* at 8-9.) Defendant argues

that the Court's ruling raised new issues requiring consideration by Dr. Silberman. (*Id.* at 8-9.) The Court rejects the implication that a party's legal disagreement with the Court constitutes a substantial justification for a late disclosure. Defendant's lack of bad faith or willfulness in its late disclosure is only one of the four factors that must be considered, and the burden is on Defendant to establish a substantial justification or harmlessness. *See Contour PAK*, 2009 WL 2490138, at *1. The Court finds that the other three *Woodworker's Supply* factors establish that Defendant's late disclosure of the Supplemental Report was not harmless or substantially justified, and Defendant has failed to meet its burden to show otherwise.

Accordingly, Plaintiff's Second Motion is granted, and the Supplemental Report shall be stricken and the evidence therein excluded under Rule 37(c)(1). Thus, the Court need not consider Plaintiff's alternative arguments for excluding the opinions contained in the Supplemental Report.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's "Motion to Strike (Initial) 'Expert Report of Stephen D. Silberman, Ph.D.,' and Preclude Introduction of Facts and Data Relied Upon By Him There and Exclude his Trial Testimony Relating to Uncharged Offense of Monopolization and Inapplicable Elements of Monopoly Power and Relevant Market" (ECF No. 178) is DENIED;

2. Plaintiff's "Motion to Strike Untimely and Improper 'Supplemental' Expert Report of Stephen D. Silberman, Ph.D., and Preclude Use of That Information to Supply

Evidence at Trial" (ECF No. 180) is GRANTED;

3. The Supplemental Expert Report of Stephen D. Silberman, Ph.D. (ECF No. 181-4) is hereby STRICKEN; and

4. The parties are ON NOTICE that the Court's rulings on the instant Motions are not self-executing at trial, and the parties will be expected to raise a timely objection at trial if the opposing party violates any portion of this Order.

Dated this 5th day of January, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge