**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02516-WJM-KLM

AURARIA STUDENT HOUSING AT THE REGENCY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

CAMPUS VILLAGE APARTMENTS, LLC, a Delaware limited liability company,

    Defendant.

---

### ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE*

---

    Plaintiff Auraria Student Housing at the Regency, LLC ("Plaintiff") brings this action against Campus Village Apartments, LLC ("Defendant") for conspiracy to monopolize under Section 2 of the Sherman Act, 15 U.S.C. § 2, and related claims. This matter is before the Court on Plaintiff's Motion *in Limine* to Preclude Introduction of Evidence Relating to Uncharged Tying Arrangement ("Motion"). (ECF No. 197.) For the reasons set forth below, the Motion is denied.

### I. DISCUSSION

    As a preliminary matter, the Court notes that Plaintiff's Motion is untimely under this Court's Revised Practice Standard II.F.3, which requires that "all motions *in limine* must be filed not later than 21 days prior to the Final Trial Preparation Conference." As the Motion was filed on December 30, 2014, it was fourteen days late, and Plaintiff sought no leave to extend the deadline. The Motion's tardiness alone is sufficient to support its denial. However, the Court recognizes that the issues the parties have

raised in their briefing on the Motion inevitably will be raised again during trial in the absence of a prior ruling settling such issues.  Accordingly, the Court finds it prudent to address the merits of the Motion.

Plaintiff's Motion seeks to preclude introduction of any evidence related to a tying arrangement, arguing that such evidence is irrelevant to Plaintiff's claim of conspiracy to monopolize, and that there is no support for Defendant's position that it can defend against Plaintiff's Section 2 claim by demonstrating a lawful tying arrangement under Section 1.  (ECF No. 198.)

As to Defendant's tying defense, the Court agrees with Plaintiff that the cases on which Defendant relies do not support Defendant's assertion that "lawfulness under Section 1 precludes liability for 'conspiracy to monopolize' under Section 2".  (ECF No. 221 at 3 (citing *NYNEX Corp. v. Discon, Inc.*, 525 U.S. 128, 139 (1998); *Gregory v. Fort Bridger Rendezvous Ass'n*, 448 F.3d 1195, 1206 (10th Cir. 2006)).)  Rather, both *NYNEX* and *Gregory* held that a plaintiff's failure to demonstrate harm to the competitive process under a Section 1 analysis prevented that plaintiff from establishing liability on a Section 2 conspiracy claim.  See *NYNEX*, 525 U.S. at 139 ("Unless those agreements harmed the competitive process, they did not amount to a conspiracy to monopolize."); *Gregory*, 448 F.3d at 1206 (citing *NYNEX*).  Such a showing is necessary even though competitive harm is not an explicit element of a conspiracy to monopolize claim, because the purpose of the Sherman Act is "to protect the public from the failure of the market . . . against conduct which unfairly tends to destroy competition itself."  *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 458 (1993).

Thus, these cases support the conclusion that the parties to an agreement that does not harm competition are not liable under either section of the Sherman Act. They do not support Defendant's much broader assertion that a plaintiff's failure to prove a Section 1 violation automatically precludes liability under Section 2. (*See* ECF No. 221 at 3.)

Nevertheless, the Court's rejection of Defendant's expansive reading of precedent is insufficient to grant the Motion. To succeed on the Motion, Plaintiff must show that the challenged evidence is inadmissible. Plaintiff argues that, because a so-called lawful tying arrangement is not necessarily a defense to a Section 2 conspiracy claim, and because tying and conspiracy have distinct elements, Defendant's tying "argument and any related evidence are irrelevant and, so, inadmissible." (ECF No. 198 at 1.)

Defendant does not dispute that Section 1 tying and Section 2 conspiracy to monopolize have distinct elements, and the Court agrees that monopoly power and a relevant market are not elements of a conspiracy claim. *See TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1026 (10th Cir. 1992). However, as the Court has already ruled, evidence supporting Defendant's lack of monopoly power in the relevant market is relevant to elements of Plaintiff's conspiracy claim, specifically those requiring proof of a specific intent to monopolize and a conspiracy whose purpose was to monopolize. (*See* ECF No. 219 at 3-4); *see also* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has *any tendency* to make a fact more or less probable than it would be without the evidence") (emphasis added). Plaintiff does not identify any other category of evidence related to Defendant's tying argument that it

seeks to exclude. Accordingly, the Court rejects Plaintiff's argument that this evidence is irrelevant.

As Plaintiff raises no other arguments in support of its Motion, the Court finds no basis on which to exclude the challenged evidence.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion *in Limine* to Preclude Introduction of Evidence Relating to Uncharged Tying Arrangement (ECF No. 197) is DENIED.

Dated this 9th day of January, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge