**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-2516-WJM-KLM

AURARIA STUDENT HOUSING AT THE REGENCY, LLC,

      Plaintiff,

v.

CAMPUS VILLAGE APARTMENTS, LLC,

      Defendant.

---

**ORDER DENYING DEFENDANT'S POST-TRIAL MOTIONS
UNDER RULES 50(b) AND 59**

---

Plaintiff Auraria Student Housing at the Regency, LLC ("Plaintiff" or "Regency") has brought this action against Defendant Campus Village Apartments, LLC ("Defendant" or "Campus Village") alleging Sherman Act antitrust violations and various state law tort claims.  (ECF No. 19.)  The Court held a six-day jury trial commencing on January 20, 2015.  (ECF No. 240.)  Defendant's oral motion under Federal Rule of Civil Procedure 50(a) ("Rule 50(a) Motion") was granted as to the state law claims, and the jury proceeded to a verdict in Plaintiff's favor on the antitrust claim.  (ECF Nos. 249, 252.)  The jury awarded Plaintiff $3,261,000.00 in damages, resulting in a final treble damages award of $9,783,000.00 pursuant to 15 U.S.C. § 15(a).  (ECF No. 258.)  On February 3, 2015, the Court entered Final Judgment in that amount in favor of Plaintiff. (ECF No. 259.)

Before the Court are Defendant's Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) ("Rule 50(b) Motion") (ECF No. 267) and Motion for New

Trial or to Amend Judgment Pursuant to Rule 59 ("Rule 59 Motion") (ECF No. 275) (together "Motions").  For the reasons set forth below, both Motions are denied.

## I.  LEGAL STANDARD

In evaluating a motion brought under Federal Rule of Civil Procedure 50(b), the Court must examine all the evidence admitted at trial, construe that evidence and the inferences from it in the light most favorable to the non-moving party, and refrain from making credibility determinations and weighing the evidence.  *See Tyler v. RE/MAX Mountain States*, 232 F.3d 808, 812 (10th Cir. 2000).  Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."  *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

Defendant brings its motion seeking a new trial under Rule 59(a)(1), which permits the Court to order a new trial on all or some of the issues "for any of the reasons for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1).  Such a motion can be granted based on any error so long as "the district court concludes the 'claimed error substantially and adversely' affected the party's rights."  *Henning v. Union Pac. R.R. Co.*, 530 F.3d 1206, 1217 (10th Cir. 2008) (quoting *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1297 (10th Cir. 1998)).  "If 'a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence.'"  *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999)).

2

Defendant's alternative request to reduce the amount of the judgment is brought under Rule 59(e).  "Rule [59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted).  Accordingly, the Court may amend the judgment in its discretion where there has been an intervening change in the controlling law, new evidence that was previously unavailable has come to light, or the Court sees a need to correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## II.  ANALYSIS

Though Defendant moves under both Rule 50(b) and Rule 59, many of the arguments raised in the Motions overlap.  As such, the Court will discuss the Motions together by the issues raised therein.

### A.    Conspiracy to Monopolize

Following the close of evidence, the Court denied Defendant's Rule 50(a) Motion to the extent it sought judgment as a matter of law on Plaintiff's antitrust claim based on the alleged insufficiency of the evidence.  (Transcript[1] pp. 1055–65.)  Defendant challenges this ruling in both of the instant Motions, arguing that insufficient evidence supported each of the elements of Plaintiff's conspiracy to monopolize claim, meriting judgment as a matter of law under Rule 50, and alternatively that the verdict was

---

[1] The Court will refer to the trial transcript, excerpts of which are attached to the parties' filings at ECF Nos. 276-1, 277-22, 283-4, 276-1, and 282-27, as "Transcript" with references to the internal pagination therein.

against the great weight of the evidence meriting a new trial under Rule 59.  (ECF Nos. 268 & 276.)

Defendant's arguments under both Rules arise from its dispute with Plaintiff over the "part" of commerce that was the subject of the alleged conspiracy to monopolize.  In oral argument on Defendant's Rule 50(a) Motion, Defendant argued that it merited judgment as a matter of law on the antitrust claim in part because Plaintiff had failed to identify the part of commerce that was the subject of the conspiracy to monopolize.  (Transcript pp. 976–80.)  Defendant agreed that Tenth Circuit law does not require a plaintiff to prove a relevant market for a conspiracy to monopolize claim, but nevertheless argued that freshmen students at the University of Colorado - Denver ("UCD") was not a cognizable part of commerce under the same legal standards applicable to a relevant market analysis.  (*Id.* at 979.)  Plaintiff argued in response that because no relevant market was required, Defendant's assertion that a particular "part" of commerce must be identified was erroneous.  (*Id.* at 997–1000.)  However, in response to the Court's questioning, Plaintiff stated as follows:

> [PLAINTIFF'S COUNSEL]: Your Honor, the segment of the market—the segment of commerce, rather, is the rental of dedicated student housing.  That's what it is.
>
> THE COURT: The what?
>
> [PLAINTIFF'S COUNSEL]: The rental of housing that is dedicated for students.  The Auraria Campus.
>
> THE COURT: I am sure [Defendant's counsel] would disagree with you very vociferously with that.  You are saying the part of commerce here is the folks that want to go to UCD.
>
> [PLAINTIFF'S COUNSEL]: Even if it is, under the case law

4

that's sufficient.

(*Id.* at 999.)

Based in large part on Plaintiff's statements, the Court rejected Defendant's

argument in its ruling on the oral Rule 50(a) Motion.

> [T]he Court first finds that Plaintiff has sufficiently presented evidence that the alleged conspiracy affected a part of interstate commerce.  Defendant admitted in arguing its motion that the rental of student housing in Denver would be a part of commerce that could be monopolized.  In response, Plaintiff asserted that the part of commerce at issue here is the rental of dedicated student housing.  Furthermore, as Defendant has conceded, there is no requirement in the Tenth Circuit for the Plaintiff to present evidence of the relevant market in a conspiracy to monopolize claim.  Instead, Plaintiff need only show that the alleged conspiracy affected, quote, "any part," end quote, of interstate commerce.  That is directly from the statute 15, United States Code, Section 2.  The Court finds that the Plaintiff has presented sufficient evidence to meet this requirement.

(*Id.* at 1060.)  Consequently, in the jury instruction entitled "Conspiracy to Monopolize -

Elements," the Court relied on Plaintiff's identification of the segment of commerce

alleged as "the rental of dedicated student housing," and included that language in the

elements of the claim.

> 1.   Defendant entered into an agreement with the University of Colorado - Denver to obtain or maintain monopoly power in the rental of dedicated student housing;
> 2.   Defendant and the University of Colorado - Denver entered the agreement with the specific intent for Defendant to obtain or maintain monopoly power in the rental of dedicated student housing . . . .

(ECF No. 250 at 21.)

In both Motions, Defendant argues that the breadth of the part of commerce

5

specified in the instructions—the entirety of "the rental of dedicated student housing" as a whole, without qualification—mandated the conclusion that Plaintiff's evidence of conspiracy and specific intent to monopolize was insufficient to support a jury verdict in its favor, because Plaintiff's evidence at trial dealt solely with student housing for freshmen at the Auraria campus of UCD.  (ECF Nos. 268 & 276.)  In response, Plaintiff argues that, in the context of the case, "the jury could not have understood the Court's instruction as referring to anything other than rental housing dedicated for Auraria students, in particular that involving UCD freshmen." (ECF No. 277 at 3.)

The Court recognizes the lack of clarity in the instruction at issue, while noting that neither party objected to this language or raised this issue at the charging conference during trial. (*See* Transcript pp. 1071–80.)  Nevertheless, the Court agrees with Plaintiff that, in the context of the evidence received at trial and the other instructions received by the jury,[2] the jury must reasonably have inferred that the rental market for dedicated student housing at issue here was constrained to the UCD students attending the Auraria campus in downtown Denver.  As a consequence, the Court rejects Defendant's arguments that it merits judgment as a matter of law or a new trial based on the lack of evidence proving a conspiracy to monopolize the entire student housing rental market, a specific intent to monopolize that entire market, or harm to competition in that entire market.  Defendant's Motions contain no alternative argument as to the insufficiency of the evidence if the instruction is read as Plaintiff

_____

[2] For example, during voir dire, the jury venire was informed by way of summary that the issue in the case was Plaintiff's claim that Defendant conspired with UCD "to monopolize by requiring certain UCD freshmen to reside in the Campus Village Apartments their first year of college." (Transcript p. 24.)

endorses, alleging a conspiracy to monopolize the part of commerce comprised by the rental of dedicated student housing to UCD freshmen.

Given the evidence in the record on housing for UCD students at the Auraria campus, the Court cannot conclude that "the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position," *Finley*, 82 F.3d at 968 (Rule 50), or that the verdict was decidedly against the weight of the evidence, *M.D. Mark*, 565 F.3d at 762 (Rule 59).  Accordingly, both Motions are denied as to Defendant's arguments challenging the sufficiency of the evidence supporting the substantive elements of Plaintiff's conspiracy to monopolize claim.

## B.    Statute of Limitations

In its Rule 50(b) Motion, Defendant argues that there was insufficient evidence to support Plaintiff's invocation of the "continuing conspiracy" exception to the four-year statute of limitations on the antitrust claim.  (ECF No. 268 at 10–11.)  In its Rule 59 Motion, Defendant contends that the Court improperly ruled as a matter of law in Plaintiff's favor on the statute of limitations defense, because the issue should have been submitted to the jury.  (ECF No. 276 at 8–11.)

The Court first notes with some surprise that Defendant's Motions repeatedly refer to the Court having ruled against it on the statute of limitations defense in resolving the Rule 50(a) Motion, when in fact the Court granted Defendant's Rule 50(a) Motion in part as to that issue.  (*See* Transcript pp. 1056–58.)  The Court interpreted the continuing conspiracy doctrine under Tenth Circuit caselaw, *Champagne Metals v.*

*Ken-Mac Metals, Inc.*, 458 F.3d 1073 (10th Cir. 2006), and applied the standard articulated therein that the statute of limitations period for a conspiracy to monopolize claim restarts when the defendant commits a "new and independent act that is not merely a reaffirmation of a previous act," and which "inflict[s] new and accumulating injury on the plaintiff." *Id.* at 1088.  In applying this rule, the Court held that Plaintiff had presented evidence of new and independent acts occurring at the beginning of each school year—namely, UCD's application of the residency requirement to a new group of freshmen students—which served to inflict new injury on Plaintiff in the form of lost revenues for that school year's lease term.  (Transcript pp. 1056–58.)  However, because there was no evidence of any "new and independent" acts occurring prior to the beginning of the 2007–2008 school year, the Court held that the statute of limitations barred Plaintiff from recovering any damages before that date.  (*Id.*)

As to the Rule 50(b) Motion, the Court has reviewed the arguments raised by Defendant and sees no reason to reconsider its ruling.  Defendant does not make any new argument or point to any evidence that the Court previously failed to consider in finding the continuing conspiracy theory applicable beginning in the 2007–2008 school year.  Defendant argues that its initial agreement with UCD to implement the residency requirement was the exclusive source of Plaintiff's damages, and that UCD's subsequent acts to apply and enforce that requirement against a new group of students at the start of each year were merely the "abatable but unabated inertial consequences" of that agreement.  (ECF No. 268 at 10–11 (quoting *Champagne Metals*, 458 F.3d at 1089).)  The Court disagrees with Defendant's cramped interpretation of the language of *Champagne Metals*.  *See also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401

U.S. 321, 338 (1971).  As such, the Court finds that Defendant has failed to show that it is entitled to judgment as a matter of law on its statute of limitations defense, and its Rule 50(b) Motion is denied in this regard.

As to the Rule 59 Motion, Defendant raises a different argument.  Defendant contends that the Court improperly ruled in Plaintiff's favor on the statute of limitations defense for two reasons: (1) Plaintiff did not move under Rule 50 for judgment as a matter of law on the issue, so it was not properly before the Court, and (2) the Court should have submitted the issue to the jury because it could have taken a different view of the evidence.  (ECF No. 276 at 8–11.)  The first of these arguments is utterly perplexing.  The Court is at a loss as to how it could have found in Defendant's favor on its Rule 50(a) Motion as to the 2006–2007 school year, finding that the continuing conspiracy exception did not apply to that time frame, without also evaluating whether the continuing conspiracy exception applied to the subsequent school years.  Defendant's Rule 50(a) Motion raised the issue of the statute of limitations, and in evaluating that motion, the Court was required to determine whether any exception applied.  Thus, it would have been impracticable and illogical to rule as a matter of law as to Defendant's argument that the limitations period did not restart without also evaluating Plaintiff's contrary contention that it did.

Defendant's second argument challenges whether the Court's ruling was, in fact, a matter of law, claiming that the issue should have been submitted to a jury which could have concluded that the evidence showed only the "inertial consequences" of the initial agreement.  (*Id.* at 10–11.)  However, Defendant cites cases in which the statute of limitations determination was made as a matter of law when the court finds that no

new and independent acts occurred.  (*Id.* (citing *Kaw Valley Elec. Coop. Co., Inc. v. Kan. Elec. Power Coop., Inc.*, 872 F.2d 931, 933 (10th Cir. 1989); *Champagne Metals*, 458 F.3d at 1089; *DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 468 (6th Cir. 1996)).)  Defendant does not explain how a ruling on the continuing conspiracy exception that holds in its favor would be a permissible ruling as a matter of law, but a ruling in Plaintiff's favor impermissibly intrudes on the jury's function to determine the facts.

Furthermore, the parties did not dispute the date of the initial agreement, or the fact that UCD applied the residency requirement to a new group of freshmen students every school year.  The parties' dispute as to the continuing conspiracy exception centered on whether such acts were "new and independent" causing "new and accumulating injury" in the meaning of *Champagne Metals*.  The jury holds "the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact."  *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1227 (10th Cir. 2000) (quotation omitted).  None of the exclusive jury functions was implicated here.  The Court therefore concludes that it was appropriate to resolve Defendant's statute of limitations arguments as a matter of law, and rejects the argument in the Rule 59 Motion that a new trial is required on this basis.

Finally, and in the alternative, Defendant's Rule 59 Motion asks the Court to reduce the amount of the judgment on the basis that the only "new and independent

act" in the record that could have caused "new and accumulating injury" to Plaintiff was UCD's enforcement of the residency requirement against a single student.  (ECF No. 276 at 12 (citing Transcript p. 184).)  As the Court has found as a matter of law that UCD's imposition of the residency requirement against a new group of students each school year suffices to restart the statute of limitations under *Champagne Metals*, such reduction is inappropriate.  Accordingly, Defendant's alternative request for reduction of the amount of the judgment is denied.

## C.     State Action Immunity

In its Rule 50(b) Motion, Defendant raises the issue of state action immunity, arguing that it acted pursuant to express statutory authorization and is therefore immune from suit.  (ECF No. 268 at 11–13.)  This argument was raised in Defendant's Motion to Dismiss, filed on March 3, 2011 (ECF No. 23), and the Court rejected it in an order dated November 23, 2011 (ECF No. 38).  However, Defendant did not raise the issue in its oral Rule 50(a) Motion.  (*See* Transcript pp. 966–93.)

Plaintiff's Response in opposition to the Rule 50(b) Motion fails to point out that issues not raised in an initial Rule 50(a) motion are waived for purposes of a renewed Rule 50(b) Motion. *See* Fed. R. Civ. P. 50; *Hinds v. General Motors Corp.,* 988 F.2d 1039, 1045 (10th Cir. 1993).  Nevertheless, the Court notes that "[a] party may not circumvent Rule 50(a) by raising for the first time in a post-trial motion issues not raised in an earlier motion for directed verdict."  *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1228 (10th Cir. 2000) (citing *FDIC v. United Pac. Ins. Co.*, 20 F.3d 1070, 1076 (D.C. Cir. 1994)); *see also M.D. Mark*, 565 F.3d at 762; *Marshall v.*

11

*Columbia Lea Regional Hosp.*, 474 F.3d 733, 738 (10th Cir. 2007); 9B C. Wright & A.

Miller, Fed. Prac. & Proc. Civ. § 2537, at 603–04 (3d ed. 2008) ("[T]he district court only

can grant the Rule 50(b) motion on the grounds advanced in the preverdict motion,

because the former is conceived of as only a renewal of the latter. . . . [T]he case law

makes it quite clear that the movant cannot assert a ground that was not included in the

earlier motion."); Fed. R. Civ. P. 50, advisory committee's note ("A post-trial motion for

judgment can be granted only on grounds advanced in the pre-verdict motion.").

As Defendant failed to raise the state action immunity issue in its Rule 50(a)

Motion, the Court finds that the issue is waived for purposes of the Rule 50(b) Motion.

While this issue may be properly raised in an appeal of the Court's Order Denying

Defendant's Motion to Dismiss, it may not be asserted in Defendant's post-trial motion

under Rule 50(b).  The Rule 50(b) Motion is therefore denied as to this issue.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Defendant Campus Village Apartments, LLC's Renewed Motion for Judgment as

a Matter of Law Pursuant to Fed. R. Civ. P. 50(b) (ECF No. 267) is DENIED; and

2.     Defendant Campus Village Apartments, LLC's Motion for New Trial or to Amend

Judgment Pursuant to Fed. R. Civ. P. 59 (ECF No. 275) is DENIED.

Dated this 24th day of September, 2015.

BY THE COURT:

William J. Martinez
United States District Judge