**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-2516-WJM-KLM

AURARIA STUDENT HOUSING AT THE REGENCY, LLC, a Colorado limited liability company,

      Plaintiff,

v.

CAMPUS VILLAGE APARTMENTS, LLC, a Delaware limited liability company,

      Defendant.

---

## ORDER GRANTING MOTION TO VACATE ATTORNEYS' FEE JUDGMENT

---

This matter is before the Court's on the Defendant's "Unopposed Fed. R. Civ. P. 60(b)(5) Motion to Vacate the Attorneys' Fee Judgment [Docket # 312]."  (ECF No. 322 ("Defendant's Motion").)

Having considered the motion, the Court FINDS and ORDERS as follows:

1.     On February 3, 2015, an amended merits judgment was entered against Defendant, Campus Village Apartments, LLC ("Campus Village").  (ECF No. 260.)  On September 24, 2015, Campus Village's Rule 50 motions were denied.  (ECF No. 286.)

2.     Campus Village appealed the amended judgment and the order on the Rule 50 motions to the United States Court of Appeals for the Tenth Circuit.  (*See* ECF No. 287 (Notice of Appeal).)

3.     Plaintiff subsequently moved for an award of its fees and costs under the Clayton Act, 15 U.S.C. § 15(a).  (*See* ECF No. 302.)

4.      On August 5, 2016, the Court issued an Opinion and Order on the motion for fees and costs, granting the motion in part and denying it in part.  (ECF No. 311.)

5.      On August 8, 2016, the Court entered a judgment (the "Fee Judgment") awarding certain fees and costs to the Plaintiff.  (ECF No. 312.)

6.      On December 15, 2016, the Court of Appeals vacated the merits judgment. *See Auraria Student Housing at the Regency, LLC v. Campus Village Apartments, LLC*, -- F.3d -- , 2016 WL 7260600 (10th Cir. 2016).  (*See also* ECF Nos. 313, 314.)

7.      The Tenth Circuit's mandate issued on January 6, 2017.  (*See* ECF No. 317.)

8.      Under Rule 60(b)(5) of the Federal Rules of Civil Procedure, the Court may vacate a judgment if that judgment "is based on an earlier judgment that has been reversed *or vacated*[.]"  *See*  Fed. R. Civ. P. 60(b)(5) (emphasis added).

9.      When a fee judgment was based upon a merits judgment that is later vacated, the fee judgment is also properly vacated under Rule 60(b)(5).  See *Flowers v. So. Regional Phys. Svcs., Inc.,* 286 F.3d 798, 801 (5th Cir. 2002); *Cal. Med. Ass'n v. Shalala*, 207 F.3d 575, 577–78 (9th Cir. 2000) ("Since the fee award is based on the merits judgment, reversal of the merits removes the underpinnings of the fee award."); *Mother Goose Nursery Schools, Inc. v. Sendak*, 770 F.2d 668, 675–676 (7th Cir. 1985) (losing party at district court is not "forced into the ludicrous position of appealing fee awards they might otherwise choose not to challenge in order not to be faced with a fee award . . . if the underlying action is reversed"); *RMA Ventures California v. SunAmerica*

*Life Ins. Co.*, 576 F.3d 1070, 1976 (10th Cir. 2009) (Lucero, J., concurring ) ("If we were

to reach the merits and reverse the district court's decision, however, there is little doubt

that RMA would be entitled to relief from the subsidiary attorneys' fee judgment.");

12-60 Joseph T. McLaughlin, et al., *Moore's Federal Practice - Civil* § 60.46 (2016)

("Rule 60(b)(5) authorizes a district court to grant relief from an attorney's fee award if

the underlying merits judgment that was the basis for the fee award is vacated on

appeal.").

10.     Rule 60 requires that motions to vacate be made "within a reasonable

time[.]"  *See* Fed. R. Civ. P. 60(c)(1).  Here, Defendant made its motion shortly (less

than two weeks) after the Tenth Circuit's mandate vacating the merits judgment was

filed with the Clerk of Court.  (*See* ECF No. 317.)  The Court finds the motion was made

within a reasonable time.  *See Cal. Med.*, 207 F.3d at 579; *Ass'n for Retarded Citizens

of Connecticut, Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995) (holding that a "time lag

of less than a month" was "not unreasonable" under Rule 60(b)(5)).

11.     Plaintiff does not oppose this motion or the relief sought.

12.     In light of the foregoing, the Court concludes that relief under Rule

60(b)(5) is warranted.  The merits judgment on which the Fee Judgment was predicated

has been vacated, and Campus Village has moved for relief from the Fee Judgment

within a reasonable time.

Accordingly, Defendant's Unopposed Fed. R. Civ. P. 60(b)(5) Motion to Vacate

the Attorneys' Fee Judgment [Docket # 312] (ECF No. 322) is GRANTED, and the Fee

Judgment (ECF No. 312) is hereby VACATED, pursuant to Rule 60(b)(5).

Dated this 24th day of January, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge